NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (CBN: 243918)
Assistant United States Attorney
        Ronald Reagan Federal Building
        411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
        Telephone: (714) 338-3598
        Facsimile: (714) 338-3708
        Email:  Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 17-154-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT MARK WHITEHEAD'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL |
| v. | |
| MARK WHITEHEAD, | Hearing Date:  April 6, 2018 |
| Defendant. | Hearing Time:  9:30 a.m. |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Brett A. Sagel,

hereby files its opposition to defendant MARK WHITEHEAD's renewed

motion for judgment of acquittal pursuant to Federal Rule of Criminal

Procedure 29.

///

1    The Government's opposition is based upon the attached

2 memorandum of points and authorities, the files and records in this

3 case, and such further evidence and argument as the Court may permit.

4

5 Dated: March 29, 2018               Respectfully submitted,

6                                     NICOLA T. HANNA
                                      United States Attorney
7
                                      LAWRENCE S. MIDDLETON
8                                     Assistant United States Attorney
                                      Chief, Criminal Division
9


10
                                         /s/
11                                    BRETT A. SAGEL
                                      Assistant United States Attorney
12
                                      Attorneys for Plaintiff
13                                    UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      2

1      **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

2  **I.   INTRODUCTION**

3      On January 12, 2018, after a two-day trial, the jury convicted

4  defendant MARK WHITEHEAD ("defendant") of the sole count of willfully

5  violating a court order in violation of 18 U.S.C. § 401, as charged

6  in this Court's July 28, 2017, Order to show cause why defendant

7  should not be held in criminal contempt ("Contempt Order").  This

8  Court's Contempt Order, and corresponding arrest warrant, alleged

9  four ways in which defendant violated Section 401: by attempting to

10 sell Lions Gate; by denying the receiver access to Lions Gate; by

11 failing to turn over all bank records related to Lions Gate; and by

12 failing to disclose all non-privileged records dealing with Lions

13 Gate's website.  At the close of the Government's case, defendant

14 moved for a judgment of acquittal under Rule 29, primarily based on

15 the fact that the charging instrument used the word "and" and

16 therefore the Government needed to prove all four acts beyond a

17 reasonable doubt for a conviction.  After the jury's guilty verdict,

18 this Court denied defendant's Rule 29 motion finding "sufficient

19 evidence in the record to support the jury's verdict."  On March 26,

20 2018, defendant filed the instant renewed motion.  This Court should

21 deny defendant's motion in its entirety.

22 **II.  ARGUMENT**

23     **A.   Legal Standard**[1]

24     A motion of judgment of acquittal under Federal Rule of Criminal

25 Procedure 29 must be denied "if, viewing the evidence in the light

26 _____

27     [1]    As this Court is quite familiar with the evidence presented
at trial in this case, the Government will not repeat the facts
proven at trial in this opposition.

28

1  most favorable to the prosecution, any rational trier of fact could

2  have found the essential elements of the offenses charged beyond a

3  reasonable doubt."  United States v. Rosales, 516 F.3d 749, 751-52

4  (9th Cir. 2008) (internal quotation marks omitted).  "When viewing

5  the evidence in the light most favorable to the government," a court

6  "may not usurp the role of the finder of fact by considering how [it]

7  would have resolved the conflicts, made the inferences, or considered

8  the evidence at trial," but "must presume that the trier of fact

9  resolved any such conflicts in favor of the prosecution, and must

10  defer to that resolution."  United States v. H.B., 695 F.3d 931, 935

11  (9th Cir. 2012) (citations and quotations omitted).  The Rule 29

12  standard is "highly deferential," United States v. Argueta-Rosales,

13  819 F.3d 1149, 1157 (9th Cir. 2016), and courts applying it "must

14  bear in mind that it is the exclusive function of the jury to

15  determine credibility of witnesses, resolve evidentiary conflicts,

16  and draw reasonable inferences from proven facts."  United States v.

17  Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir. 2002) (internal quotation

18  marks omitted).

19      **B.    The Law and Evidence Support the Guilty Verdict**

20      Defendant's renewed motion claims the Government failed to

21  present sufficient evidence that defendant "committed all four acts

22  of contempt" and failed to present sufficient evidence that defendant

23  "committed any of the four acts of contempt."  Defendant's motion is

24  meritless and this Court should deny the motion.

25      First, defendant, citing no caselaw or precedent (only the

26  Oxford Dictionary), claims that because the Charging Document used

27  "and" between the acts of contempt, the Government was required to

28

4

1  prove all four acts of contempt beyond a reasonable doubt.  This

2  argument is frivolous and is contrary to well-established caselaw,

3  including from the Supreme Court, the Ninth Circuit, and the Federal

4  Rules of Criminal Procedure.  See Turner v. United States, 396 U.S.

5  398, 420 (1970) ("[W]hen a jury returns a guilty verdict on an

6  indictment charging several acts in the conjunctive, as Turner's

7  indictment did, the verdict stands if the evidence is sufficient with

8  respect to any one of the acts charged."); United States v. Booth,

9  309 F.3d 566, 572 (9th Cir. 2002) (upholding conviction in which the

10 charges were plead conjunctively, but the jury was instructed

11 disjunctively, because "proof of any one of those conjunctively

12 charged acts may establish guilt"); United States v. UCO Oil Co., 546

13 F.2d 833, 838 (9th Cir. 1976) ("Once it is determined that a statute

14 defines but a single offense, it becomes proper to charge the

15 different means, denounced disjunctively in the statute,

16 conjunctively in each count of the indictment.  Proof of any one of

17 the allegations will sustain a conviction.") (internal citations

18 omitted); see also United States v. Seher, 562 F.3d 1344, 1363 (11th

19 Cir. 2009) ("The law is well established that where an indictment

20 charges in the conjunctive several means of violating a statute, a

21 conviction may be obtained on proof of only one of the means, and

22 accordingly the jury instruction may properly be framed in the

23 disjunctive.") (internal quotations and citations omitted); United

24 States v. Klein, 850 F.2d 404, 406 (8th Cir. 1988) ("[F]ederal

25 pleading requires that an indictment charge in the conjunctive to

26 inform the accused fully of the charges. Upon trial the government

27 may prove and the trial judge usually instructs in the disjunctive

28

5

1 form used in the statute.  Proof of any one of the violations charged

2 conjunctively in the indictment will sustain a conviction.")

3 (internal quotations and citations omitted);  Fed. R. Crim. Proc.

4 7(c)(1) (". . . A count may allege that the means by which the

5 defendant committed the offense are unknown or that defendant

6 committed it by one or more specified means. . . .").

7    The evidence against defendant at trial was overwhelming that he

8 willfully violated the Court's Receivership Order and Final Judgment.

9 Moreover, when viewing the evidence in the light most favorable to

10 the Government, resolving all conflicts and inferences in the

11 Government's favor, the evidence clearly established beyond a

12 reasonable doubt that defendant was guilty of the single count of

13 contempt.  The jury could have relied on the testimony of the

14 Receiver, Kyle Everett, alone to find defendant guilty of the charge.

15 The Receiver testified that the orders prohibited defendant from

16 attempting to sell Lions Gate, and defendant did not inform the

17 Receiver of defendant's actions to attempt to sell the property.  The

18 Receiver also testified that defendant did not provide the bank

19 records or other documents to the Receiver required by the orders,

20 and defendant (or his agents) denied the Receiver access to the

21 property.

22    For defendant to be found guilty, the jury only needed to find

23 one way in which defendant violated the order.  Although the general

24 unanimity instruction to the jury would have been sufficient to

25 protect a defendant's right to a unanimous jury verdict, see, e.g.,

26 United States v. Gonzalez, 786 F.3d 714, 717 (9th Cir. 2015), this

27 Court gave a specific unanimity instruction requested by defendant.

28

As a result, the jury unanimously found beyond a reasonable doubt that defendant willfully violated the Court's Order.  See, e.g., Weeks v. Angelone, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.").

Defendant also argues that the Government did not present sufficient evidence that defendant committed any of the four acts of contempt.  Defendant simply makes the same arguments the jury rejected in convicting defendant.  Moreover, defendant ignores the legal standard and burden when raising a Rule 29 motion.  As a result this Court can easily find sufficient evidence to establish defendant's guilt beyond a reasonable doubt and deny defendant's motion.

**III. CONCLUSION**

For all of the reasons stated above, the Government respectfully requests that this Court deny defendant's motion to dismiss the count of conviction under Rule 29 in its entirety.