**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50111 |
| Plaintiff-Appellee, | D.C. No. 8:17-cr-00154-JLS-1 |
| v. | |
| MARK WHITEHEAD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 14, 2019
Pasadena, California

Before: FISHER and CALLAHAN, Circuit Judges, and KORMAN, District Judge.**

Mark Whitehead appeals his conviction and sentence for criminal contempt under 18 U.S.C. § 401. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1.  The district court did not abuse its discretion by declining to recuse the presiding judge from the criminal trial.  The court reasonably concluded that the presiding judge's comments in the criminal contempt referral and at the bail proceeding, based on the presiding judge's knowledge of Whitehead from the civil trial, did not "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see* 28 U.S.C. § 455(a).  The presiding judge's role in issuing the criminal contempt referral, which served as the original charging document, did not deprive Whitehead of an impartial tribunal.  *See Ungar v. Sarafite*, 376 U.S. 575, 583-88 (1964).

2.  The district court did not abuse its discretion by admitting evidence of other acts.  These acts were probative of intent, state of mind and absence of mistake, *see* Fed. R. Evid. 404(b)(2), and the probative value was not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403, particularly given that "the mental state to be inferred from undisputed overt acts of [the] defendant [wa]s the crucial issue" in the criminal trial, *United States v. McCollum*, 732 F.2d 1419, 1425 (9th Cir. 1984).

3.  The government presented sufficient evidence for a rational trier of fact

to convict. The court's order clearly barred Whitehead from renewing his listing of Lions Gate for sale and altering the price, Whitehead admits he knew of the order at the time he took these actions and a reasonable trier of fact could have determined beyond a reasonable doubt that he intended to sell the property and collect the proceeds himself. *See United States v. Doe*, 125 F.3d 1249, 1254 (9th Cir. 1997) ("Criminal contempt is established when [1] there is a clear and definite order of the court, [2] the contemnor knows of the order, and [3] the contemnor willfully disobeys the order." (quoting *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980)).

    4. Whitehead's sentence did not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Criminal contempt's statutory maximum for *Apprendi* purposes is life imprisonment because determination of the most analogous offense is an act of judicial discretion that anticipates consideration of context and uncharged conduct. *See United States v. Carpenter*, 91 F.3d 1282, 1285 (9th Cir. 1996) ("[T]he sentencing range reflects the judge's assessment of the severity of the contemnor's conduct."), *abrogated on other grounds by United States v. Booker*, 543 U.S. 220 (2005).

    **AFFIRMED.**